IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Brandon Allen, ) | |
| ) | C.A. No. 1:20-00321-HMH-SVH |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Warden Dobbs, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Brandon Allen ("Allen"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on January 31, 2020, Magistrate Judge Hodges recommends dismissing Allen's petition without prejudice and without requiring the Respondent to file a return. (R&R, ECF No. 6.)

Allen filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Allen's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean one specific objection. Allen objects to the magistrate judge's recommendation that Allen cannot satisfy the second prong of the 28 U.S.C. § 2255 savings clause test. (Objs. 1, ECF No. 8.)

A federal prisoner may challenge the legality of his conviction under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (citing 28 U.S.C. § 2255). To demonstrate that § 2255 is inadequate or ineffective to test the legality of the conviction, the petitioner must establish that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 334. If the petitioner cannot satisfy the savings clause test, the court lacks jurisdiction to consider the petition.[2] United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018).

---

[2] "In evaluating substantive claims under the savings clause, . . . [courts] look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) (citations omitted). Thus, the court will apply the procedural law of the Fourth Circuit, which includes the jurisdictional savings clause test, and the substantive law of

On August 30, 2010, Allen pled guilty in the Middle District of Florida to violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(c), and (b)(1)(D), and 18 U.S.C. §§ 922(g) and 924(e). United States v. Brandon Allen, Case No. 8:10-CR-148-T-33MAP (M.D. Fla. 2011).[3] Allen was sentenced to 188 months' imprisonment. Id. Allen filed the instant § 2241 petition challenging the validity of his conviction based on Rehaif v. United States, 139 S. Ct. 2191 (2019).

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Allen argues that his conduct is no longer deemed criminal because the government failed to meet its burden of "prov[ing] that he knowingly possessed a firearm[] and that he did so knowing that he specifically fell within the prohibited persons status/category." (Objs. 2-3, ECF No. 8.)

However, Allen pled guilty to having knowingly possessed a firearm and knowingly been a felon at the time of possession. Therefore, the government satisfied its burden of proof. See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (noting that Rehaif "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under [§ 922(g) and § 924(a)(2),] . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)."). Further, the conduct to which Allen pled guilty

---

the Eleveth Circuit.

[3] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

remains a crime under § 922(g). Consequently, Allen has not satisfied the second prong of the savings clause test and the court lacks jurisdiction.

Therefore, it is

**ORDERED** that Allen's petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Allen has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 25, 2020

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[4] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.